UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BOBBY LEE PARKS, SR.** | **CIVIL ACTION NO. 24-1584** |
| | **SECTION P** |
| VS. | |
| | **JUDGE TERRY A. DOUGHTY** |
| **LOUISIANA TROOP G, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Plaintiff Bobby Lee Parks, Sr., a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately November 18, 2024, under 42 U.S.C. § 1983. [doc. # 1].

Under 28 U.S.C. § 1915(g), "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Here, federal courts have, in at least three separate proceedings Plaintiff filed while he was incarcerated or detained, dismissed Plaintiff's civil rights complaints and appeals as either frivolous, malicious, or for failure to state a claim on which relief can be granted:

> (1) *Bobby Lee Parks, Sr. v. Iberia Work Release, et al.*, 6:13-cv-2748 (W.D. La. Dec. 30, 2013) (dismissing Plaintiff's civil rights complaint with prejudice as frivolous and for failing to state a claim on which relief may be granted);
>
> (2) *Bobby Lee Parks, Sr. v. Police Dept. of Stonewall*, 5:14-cv-1085 (W.D. La.

July 14, 2014) (dismissing Plaintiff's civil rights complaint with prejudice as frivolous); and

(3) *Parks v. Police Dep't of Stonewall*, 588 F. App'x 372, 373 (5th Cir. 2014) (dismissing Plaintiff's appeal as frivolous and noting that the "district court's dismissal of Parks's § 1983 complaint as frivolous and this court's dismissal of his appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g).").[1]

In addition, the Court does not find that Plaintiff was in imminent danger of serious physical injury when he filed this proceeding or when he applied to proceed in forma pauperis.[2] In his pleading, Plaintiff claims that he was classified as an escapee even though he did not commit any offense and was never detained, *Mirandized*, or handcuffed. [doc. # 1, p. 3].

Accordingly, **IT IS ORDERED** that the Memorandum Order granting Plaintiff in forma pauperis status, [doc. # 5], is **REVOKED AND RESCINDED**.

**IT IS FURTHER ORDERED** that for Plaintiff's claims to remain viable, Plaintiff must pay the full $405.00 filing fee in one lump sum within **twenty-one (21) days** from the date of this Memorandum Order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD**.

**IT IS FURTHER ORDERED** that considering the revocation of the Memorandum Order granting Plaintiff in forma pauperis status, the Clerk of Court shall instruct the Prison Accounts Officer to discontinue automatically withholding funds from Plaintiff's inmate account

---

[1] "[T]he dismissal of an appeal as frivolous counts as a separate strike for purposes of § 1915(g)." *Cotton v. Fordice*, 136 F.3d 1329 (5th Cir. 1998).

[2] *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) ("[A] prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger *at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP*.") (emphasis added).

for this proceeding only.

In Chambers, Monroe, Louisiana, this 17th day of December, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge

3